{¶ 41} I respectfully dissent from the majority's opinion in affirming the trial court's granting of summary judgment to appellees on appellant's claim of promissory estoppel.
 {¶ 42} Appellant argues he relied on the "promises" of the two cited emails and as a result, suffered damages. In his affidavit, appellant attested to the following:
 {¶ 43} "11. Under normal circumstances, the knowledge of my parents' interest in selling their majority ownership would have caused me to seek other, more secure, employment.
 {¶ 44} "12. The December 31, 2002 email assured me that my future patience and business acumen would be rewarded with the ability to secure a plurality ownership of the corporation.
 {¶ 45} "13. I relied on the promises made by my parents in the December 31, 2002 email.
 {¶ 46} "14. As a result of my reliance on these promises, I refrained from seeking other, more secure, employment and continued on with Sub Aquatics, Inc.
 {¶ 47} "15. Failing to seek other employment has proven to be detrimental to me as the new majority owner of Sub Aquatics, Inc. has terminated my employment and because I suffered physical problems during the course of my reliance that now makes me less attractive to potential employers."
 {¶ 48} Under a summary judgment standard, the enumerated facts and reliance are assumed to be true.
 {¶ 49} Appellees do not dispute the fact that appellant stayed on with the company and the company prospered. W. McBride depo. at 24. Neither appellee *Page 11 
complained of the direction the company was taken under appellant's presidency, and both agreed appellant always did a good job. Id; A. McBride depo. at 21. Appellee Alice McBride was unable to contradict appellant's claim that the emails were a promise to ensure better family relations. A. McBride depo. at 34.
 {¶ 50} Because of the nature of the standard of review in summary judgment matters, I would find, in construing appellant's statements in a light most favorable to him, that genuine issues of material fact based on credibility exist. The issue of the credibility of appellant's reliance and belief should be judged by a trier of fact.
 {¶ 51} Based on the foregoing, I respectfully dissent from the majority's opinion. *Page 1